Filed 9/25/15  Marriage of F.K. and J.A.CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of F.K. and J.A. | D065876 |
| J.A., | |
| Appellant, | (Super. Ct. No. D469406) |
| v. | |
| F.K., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Adam Wertheimer, Judge.  Affirmed.

J.A., in pro. per., for Appellant.

F.K., in pro. per., for Respondent.

J.A. (Father), in propria persona, appeals a 2014 family court order that modified a 2011 child support order.  The appealed order reduced Father's child support obligations to F.K. (Mother) to zero, effective August 1, 2013.  Father contends that the court erred by not entirely setting aside the 2011 child support order, not retroactively applying his

modified child support obligations further back in time, and not setting his child support arrears balance to zero. We reject Father's contentions and affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Father and Mother have one child together. In October 2011 the court held a hearing on child support payments that Mother sought from Father. Father did not appear at the hearing. The court imputed his income to be $9,500 per month and ordered monthly child support payments of approximately $1,300 (the 2011 Order).

Father filed a motion to set aside the 2011 Order, but did not appear at the hearing on his motion. As a result, his motion to set aside the 2011 Order was taken off calendar. Almost a year later, Father filed a request to set the 2011 matter back on calendar, but his request was denied on the merits, and the court set a review hearing for May 2013.[2] Father did not appear at the hearing to review his child support obligations, and the matter was taken off calendar.

On July 24, 2013, Father filed a motion to modify his child support obligations and requested that any modification be given retroactive application. On April 15, 2014, the court held a hearing on the matter, and both parties were present. Father was

---

[1]	Mother's motion to strike Father's opening brief and his opposition to motion to dismiss brief, and request for sanctions, are denied. We have not relied upon any matters outside of the record or similarly defective materials and elect to forgo our options to order the brief returned for correction or to strike the brief. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

[2]	Father explicitly states that he is not appealing the denial of his request to put the 2011 issues back on calendar; rather, he is only appealing an April 15, 2014 order. Accordingly, Mother's motion to dismiss the appeal based on timeliness and jurisdictional grounds is denied.

represented by counsel.  Based on evidence that Father was unemployed, financially dependent on others, and suffering from illnesses and/or disabilities that prevented him from working, the court reduced his child support obligations to zero, effective August 1, 2013.[3]  In response to his counsel's inquiry concerning past amounts owed by Father (i.e., before August 2013), the court stated that it could not retroactively modify a support order prior to the filing of the request to modify.

DISCUSSION

Father contends he has been disabled and unable to become employed since 2010. He contends the court erred by not modifying his child support obligations back to when his disability allegedly began in 2010.  The law allows retroactive application of an order modifying or revoking child support, but only to the date of filing a notice of motion or order to show cause on the proposed modification.  (Fam. Code, § 3653, subds. (a), (b); *In re Marriage of Everett* (1990) 220 Cal.App.3d 846, 852 [citing former Civ. Code § 4700, subd. (a), which was continued by Fam. Code, § 3653 without substantive change]; see *In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1051-1052.)

The appealed order is dated April 15, 2014, and concerned Father's motion to modify his child support obligations filed in late July 2013.  The court's order to modify Father's support obligations was made retroactive to August 1, 2013, which is as far back as the law permitted.  Father apparently ignores or misunderstands the procedural history

---

3    Father requests we take judicial notice of the fact that he is disabled, based on a July 2015 social security administration award letter.  His request for judicial notice is denied.  The document was not before the trial court, and whether Father is actually disabled is not a proper matter for judicial notice and not relevant to the issues on appeal.

of his case. Although he had previously sought to set aside the 2011 Order, those motions were either (1) terminated as a result of Father's nonappearance or (2) denied on the merits. He did not timely appeal any orders from those prior proceedings. In April 2014 the court had no basis to "undo" the prior proceedings, and it correctly decided the issues pending at the time. Father has not demonstrated any reversible error.

## DISPOSITION

The order is affirmed. Mother is entitled to costs on appeal.


NARES, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

4